# Supreme Court of the Navajo Nation

---

## Estate of Goldtooth Begay No. 2
## Decided July 17, 1991

---

## OPINION

Before TSO, Chief Justice, BLUEHOUSE and AUSTIN, Associate Justices.

Carol Kirk Retasket, Esq., Window Rock, Navajo Nation (Arizona), for the Appellant.

Opinion delivered by AUSTIN, Associate Justice.

This is an appeal from an order of the Chinle Family Court, entered on its own motion, dismissing a probate petition because it was filed beyond the period allowed by the statute of limitations. The dispositive issues on appeal are as follows: (1) whether the probate petition was subject to any limitation; and (2) whether the court erred in dismissing the probate petition on its own motion, when the statute of limitations was not raised as an affirmative defense by another party.

### I

The petition of Ruby Goldtooth shows that Goldtooth Begay No. 2, a Navajo Indian, died on November 25, 1980. The petition for the administration of his estate was filed on January 10, 1991. Following an opportunity for the petitioner to participate in a hearing on the question, on February 11, 1991, the judge of the Chinle Family Court dismissed the petition. The order is grounded in Rule 1(h) of the 1978 Rules of Probate Procedure, which provides as follows: "Action must be brought within six years of the death (citation omitted)."

On February 26, 1991, the petitioner made a motion for a new trial, and on March 12, 1991, the court denied the motion, applying the statute for limitation of actions, 7 N.T.C. § 602. This appeal followed.

### II

The issue of whether there is a statute of limitations which applies to probate actions, as well as the applicable period, was raised and resolved in *Estate of Belone*, 5 Nav. R. 161, 163 (1987). We held that the prior six-year period of lim-

---

1. *Belone* incorrectly cites Navajo Tribal Council Resolution No. CF-19-80 as the resolution prescribing the five-year limitations period. The correct resolution is Navajo Tribal Council Resolution No. CF-1-82, passed February 2, 1982. The five-year limitations period of section 602(d) became effective on February 2, 1982, and not in February 1980 as stated in *Belone*, 5 Nav. R. at 163.

itations applied to that probate action, but the statute applicable beginning February 2, 1982 is 7 N.T.C. § 602(d).[1] That statute provides that civil actions for which there is no other prescribed limitation must be brought within five years after the cause of action accrues.

While the petitioner argues that probate actions are special statutory proceedings to which no limitation period applies, such a holding would be contrary to public policy. The law, using statutes of limitation, and equity, using the principle of laches, requires that disputes be put to rest after a reasonable period of time. While we see problems with family disputes over land because of a lack of probate administration, there is also the recognition that creditors must have notice of the period of time in which they must bring their claims against a decedent or have their claims barred forever. That period is now five years, and not the six-year period of Rule 1(h) of the 1978 Rules of Probate Procedure. The petition in this estate was filed beyond the applicable limitations period.

## III

In *Belone*, we said that statutes of limitation "are not matters of substantive rights, but are available only as defenses." 5 Nav. R. at 163. The procedural application of the statute of limitations arose in *Estate of Descheeny*, 4 Nav. R. 145 (Window Rock D. Ct., 1983). In that case, the district court entered a decree, and the Bureau of Indian Affairs agency superintendent at Shiprock, Navajo Nation (New Mexico) returned the decree, stating it would not be processed because it violated the Navajo statute of limitations. The district court rejected the superintendent's letter, due to his ignorance of the principle that if a party fails to raise the question of limitations, it is waived. Statutes of limitation are not jurisdictional, but matters of affirmative defense, to be raised by a party. *Id.*

The more difficult question is whether a court should raise an affirmative defense on its own motion, or it should leave such a defense to a party. Trial courts have a great deal of discretion to dispose of procedural matters on their own motion. That discretion comes from the general inherent power of courts to regulate proceedings before them. As a general rule, courts may issue orders to regulate procedural matters, so long as they permit a sufficient opportunity for a party to object or argue the point.

A statute of limitations is an affirmative defense which parties may waive, and it is not a jurisdictional statute. Because a court may continue to hear a probate action if there is waiver of the defense, the family court should entertain the case so long as a party does not raise it. As we noted in *Belone*, an heir or other interested party may, under our rules, file an answer any time to the date of the final hearing. 5 Nav. R. at 163. Therefore, because the time for a party in this estate to file a claim or answer had not expired, the court abused its discretion in dismissing the action, unless some party or interested person raised the statute.

The order of the Chinle Family Court is REVERSED and the case is REMANDED for further proceedings.